PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 (Rev. 2/95)

| UNITED STATES DISTRICT COURT | District Southern District of Texas | | |
|---|---|---|---|
| Name of Movant MARIO GONZALEZ-QUINTANA | Prisoner No. 40997-079 | Case No. 1:01CR00075-001 | |
| Place of Confinement CORNELL CORRECTION BIG SPRING, TEXAS 79720 | | | |

UNITED STATES OF AMERICA  v.  MARIO GONZALEZ-QUINTANA

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  UNITED STATES DISRICT COURT OF SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

2. Date of judgment of conviction  June 2, 2001

3. Length of sentence  46 months

4. Nature of offense involved (all counts) 8:1326 (a) and 1326 (b) Illegal re-entry into the United States (1) count.

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☒
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   Plea Agreement to indictment.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☐
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

(2)

243 (Rev. 2/95)

If you did appeal, answer the following:

(a) Name of court _____ N/A _____

(b) Result _____

(c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____ N/A _____

_____

(3) Grounds raised _____

_____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐   No ☒

(5) Result _____

(6) Date of result _____ N/A _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____
_____
_____
_____

(3)

O 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐    No ☒
(2) Second petition, etc.      Yes ☐    No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Petitioner ask counsel to appeal his sentence for a reduction, but counsel n fail to do so. Petitioner was not aware of counsel intention of not filing a timely appeal on his behalf.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: __Ineffective Counsel__

Supporting FACTS (state *briefly* without citing cases or law)
__See Memorandum__

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

(5)

O 243 (Rev. 2/95)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

3. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

N/A

4. Do you have any petition or appeal now pending in any court as to the judgment under attack?
   Yes ☐   No ☒

5. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a) At preliminary hearing _____

   (b) At arraignment and plea  Jesus Rick Canales  845 E. Harrison
       Brownsville, Texas 78520

   (c) At trial _____

   (d) At sentencing  Jesus Rick Canales 845 E. Harrison
       Brownsville, Texas 78520

(6)

) 243 (Rev. 2/95)

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐　　No ☒

Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐　　No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

N/A

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐　　No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3-22-2002
(Date)

_____Mario Rojas_____
Signature of Movant

United States District Court
Southern District of Texas
FILED

MAR 2 8 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS**

B-02- 059

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Respondent:<br>vs.<br>Petitioner:<br>MARIO GONZALEZ QUINTANA | Case No: 1:01CR00075-001<br>MOTION FOR REDUCTION OF<br>SENTENCE PURSUANT TO<br>28 U.S.C. § 2255 |

## INTRODUCTION

Comes now petitioner **MARIO GONZALEZ QUINTANA**, and respectfully moves this Honorable Court pursuant to 28 § 2255 to reduce his sentence by **two points**. Petitioner justifies this downward departure on grounds that counsel fail to argue that petitioner's ineligibility for minimun security confinement, drug program, and pre- release custody as a result of his status as a deportable alien. Constituted significant mitigating factors that should have been considered by the sentencing Court. Defendant assert's that the disparate sentences that result between alien and **American** inmates as a consequence of Immigration detainers lodged automatically in an alien's Bureau of prisons (BOP) file constitute's a violation of equal protection under the law. **Constitutional Amendment 14**

## STATEMENT OF THE FACTS

Petitioner is a native of , **mexico** a resident alien since . On April / 5, 2001, the petitioner plead quilty to of **U.S.C. § 1326 (a) and 1326 (b)** on January 16 , 2001, the United States Immigration and Naturalization service lodged a detainer against the petitioner for the purpose initiating deportation proceedings.

The pre-sentence report **(PSI)** clearly states that petitioner will be deported as a result of his conviction, and counsel was aware that petitioner was an alien. In spite of this , counsel fail to raise the issue of deportability as a mitigating circumstance at sentencing. Petitioner claims that this prejudicial omission by counsel constitutes a performance below accepted proformance below accepted professional standards which warrant resentencing.

## LAW AND ARGUMENT

**Prejudicial error**

Pursuant to **_United States V. Gaither_** , I F3d 1040 (10th cir 1993), trial Court may properly depart downward from sentencing guidelines if sentencing commission did not account for mitigating factors." In **_United Stated V. Smith,_** 27 f3d 649 (D.C. 1994) The defendant 's ineligibility for pre-release custody and minimun security confinement as a result of his status as a deportable alien constituted a mitigating factor to be considered by the trial Court see also United Stated v. White, 71 F3d 920,922 (1995) ( trial Court granted defendant **Six Months** downward departure in accordance with Smith because defendant

was an alien and accepted deportation, giving up his right to appeal ,) United States v. Agu, 763 F Supp 703 - (1991) ( Trial Court departed downward to account for mitigating circumstances stemming from consequences of alien petitioner's accepting deportation), The United Stated Sentencing Commission did not consider that Impact of a defendant's status as a deportable alien would beget him harsher treatment by the Bureau of prisons. In citing **U.S. V. Smith**, 27 F3d 649 ( D.c. cir. 1994). The <u>Anderson</u> Court said :

" In that case , holding a downward departure was permissible where petitioner would serve his sentence under harsher conditions solely because he was a deportable alien, neither the majority nor the dissent could find any suggestion that the commission had consider that circumstances at all in establishing the guidelines . **Anderson, 82 F3d at 438**

In **Smith** the Court carefully analyzed the Bureau of prisons approach to determining whether a deportable alien may be eligible for community confinement , (halfway house) for the ten percent of his sentence. Smith, 27 F3d at 654 - The Court concluded that a downward departure may be appropriate if the defendand's status as a deportable alien is likely to cause him to be precluded from this benefits . **Id at 655**. Ultimately relying on **U.S.S.G. , Ch. 1, PT. A , § 4 (b)** and 18 U.S.C. § 3553 (b) , the **Smith** Court soundly rejected the reasoning of Restrepo and by inference <u>veloza</u>. In 18 U.S.C. § 3553 (b), congress directed that::

The Court shall impose a sentence of the kind, and within the range referred to in subsection (a) (4) unless the Court finds that there exist an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the sentencing commission in formulating the guidelines..." see Smith, 27 F3d at 651 ch.1, pt . A, § 4 (b) of the guidelines provides that such departure will be highly infrequent. Also see **Smith, 27 F3d at 655**.

The Bureau of prisons policy on the matter allows assignment to a minimum security prison or community correction center for deportable aliens who have a history of strong family or community ties, of domicile in the U.S. of five years or more, stable employment.

Program statement 5100. 04: security Designation and Custody Classification Manual, Ch 2-9. Id. At 655. The Bureau of Prisons applies the same criteria to determination as to whether an alien is eligible for minimum security facility. Id at 654.

The 9th Circuit has held that the fact of deportability, without more, is sufficient to warrant downward departure under U.S.S.G. § 5K2.0. **United States v. Cubillos, 91 F3d 1342 (9th cir . 1996)** . It further held that " [t] he district Courts must make a refined assessment of the many facts bearing on the outcome." Id @ 1345. Defendant takes the position that the circumstances described in the next section warranted that counsel argue for, and the Court consider at sentencing, the effects of his mandatory INS detainer on petitioner's incarceration.

A. **Ineffective Counsel**

Claims of ineffectivity of counsel must state that counsel's errors or omissions constituted a failure to excercise the skill and judgment of a reasonable competent attorney, and that counsel's deficient performance prejudice petitioner.
**Strickland v. Washington, 466 U.S. 668, 686 (1984).** In the instant case, counsel was aware that petitioner was an alien. Petitioner does not speak or comprehends English well. Further, as stated above, the PSI makes it clear that petitioner is subject to deportation. Counsel received the PSI at least 10 days prior to the day of sentencing. Counsel also notified petitioner that he would be deported as result of his conviction.

Despite this flags, counsel inexplicably fails to raise deportability as a mitigating factor at sentencing or to advise petitioner of this form of relief. This is even more preplexing in light of Attorney General's Sentencing Memorandum to all U.S. Attorneys dated April 28, 1995, authorizing prosecutors to agree to recommend a one or two level downward

departure from applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation. Although the U.S. Attorney's Office for this district has chosen not to exercise such discretion, through this Memorandum the Attorney General concedes that "such downward departure is justified on the basic that it is conduct not complated by the guidelines. See U.S.S.G. § 5k2.0." App. A at page 2.

Counsel failed to raise this matter with the U.S. Attorney's office during plea negotiations, thus inexplicably and gratuitously forfeiting this bargaining chip to petitioner's detriment.

This would not be so bad were it not for petitioner's further ineligibility for BOP early release programs. Petitioner is now rendered ineligible to participate in the Drug Rehabilitation Program as well. 18 U.S.C. § 3621 (e). Petitioner is further barred from qualifying for early release pursuant 18 U.S.C § 3624 (c), a program which enables prisoner to be phased into the community up to six months prior to his release date.

As an example of how these benefits create sentencing disparities, petitioner illustrates the following case: an American sentence to 60 months for drug offense is eligible for maximum reduction in his sentence of one year drug program and six months halfway house.

Without considering Good Conduct Time credits, which is common to all inmates, the American is out on the streets a year and a half earlier than his alien counterpart. This disparate treatment is undeserved, and constitutes a violation of equal protection of the laws. Constitutional Amendment. 14.

## CONCLUSION

Wherefore, for the foregoing reasons, petitioner respectfully request that this Honorable Court grant him a two point downward departure from his sentence.

Respectfully Submitted this 22, day of <u>March, 2002</u>

Respectfully Yours,
Mario Gonzalez- Quintana

*Mario Goza* (signature)

Reg. # 40997 -079

## CERTIFICATE OF SERVICE

I Mario Gonzalez Quintana, do declare that two true and correct copy of this Motion for Reduction of Sentence Pursuant U.S.C. § 2255 was mail at Cornell Correctional Big Spring, Tx., to the Clerk of Court N. Milby at Cameron County Courthouse, 974 E. Harrison St. Brownsville, Tx. 78520.

On this 22 day of March, 2002

By Mario Gonzalez-Quintana

pro-se

*Mario Gonzalez* (signature)

REG. # 40997-079

Cornell Correctional

3711 Wright Avenue

Big Spring, Tx. 79720

## CERTIFICATE OF SERVICE

I Mario Gonzalez-Quintana, do declare that one (1) true and correct copy of this Motion for Reduction of Sentence Pursuant 28 U.S.C. § 2255 was mail at Cornell Correctional, Big Spring, Tx., to the Assistance United State Attorney Adela Kowalski-Garza 600 E. Harrison Street, #201, Brownsville, Tx.

On this 22 day of March, 2002.

By Mario Gonzalez-Quintana

pro-se

*Mario Gaps*

Reg. # 40997-079

Cornell Correction

3711 Wright Avenue

Big Spring, Tx. 79720